IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBARA A. WILCOX, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:11-CV-01425-MHS-GGB |
| ALLIED INTERSTATE, INC., | |
| Defendant. | |

# ORDER REGARDING DEFENDANT'S MOTION TO DISMISS

# AND MOTION TO STAY

This case is before the Court on Defendant Allied Interstate, Inc.'s ("Defendant's") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 28) and Motion to Stay Discovery Pending the Court's Ruling (Doc. 29). Plaintiff opposes both motions. For the reasons stated below, Defendant's Motion to Dismiss (Doc. 28) is DENIED; Defendant's Motion to Stay (Doc. 29) is DENIED AS MOOT.

## I. PROCEDURAL AND FACTUAL BACKGROUND[1]

The underlying case involves Defendant's attempts to collect a debt. Defendant is a debt collection company that was retained by International Masters Publishers, Inc. to collect an alleged debt for approximately $160.00 from Plaintiff, which Plaintiff

---

[1] Unless otherwise indicated, the facts are taken from the parties' pleadings, briefs, and other filings, and do constitute findings of fact by the Court.

states she does not owe. On or about May 2, 2010, one of Defendant's employees contacted an individual by the name of Velvet Wheeless ("Wheeless") by telephone regarding Plaintiff's alleged debt. Wheeless and Plaintiff have a grandchild in common, but do not reside and have never resided at the same address and do not have the same phone number. Plaintiff has legal and physical custody of their common grandchild and is the defendant in a still-pending lawsuit instituted by Wheeless seeking visitation rights with the grandchild. Plaintiff did not consent to Defendant contacting Ms. Wheeless.

On May 3, 2010, Ms. Wheeless sent Plaintiff an email notifying Plaintiff that she had received a phone call from one of Plaintiff's creditors stating that Plaintiff owed the creditor $160.00. The email stated "[t]hey have called many times. Can you please take care of this so they will stop calling me. I am not accustomed to bill collectors calling me, I pay my bills. Between you Megan and Sam. My phone stays Jammed up with Bill collector calls. Thank you. Velvet." (Doc. 32-1, Pl.'s Aff., at 4 ¶ 24).

The email caused Plaintiff to fear that Ms. Wheeless would try to use the information that Defendant had disclosed to her to gain an advantage in the visitation litigation. (Id. ¶ 25). Plaintiff was very angry that Defendant had disclosed

2

information regarding the alleged debt to Ms. Wheeless.  As a result of Defendant's telephone call to Ms. Wheeless, Plaintiff states that she suffered emotional distress, including, but not limited to, embarrassment, humiliation, anger, anxiety, fear, an upset stomach, and sleeplessness.   (Id. ¶ 29).

On or about May 22, 2010, Plaintiff received a written communication from Defendant, dated May 10, 2010, regarding the alleged debt.  (Doc. 1-1 at 2).

On May 2, 2011, Plaintiff commenced this action by filing a complaint against Defendant seeking actual damages, statutory damages, reasonable attorney's fees and costs, pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); treble damages, attorney's fees and costs pursuant to the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-391, et seq. ("FBPA"); and general damages, punitive damages, attorney's fees and costs for invasion of Plaintiff's privacy.  (Doc. 1, Compl.).

On October 11, 2011, Defendant served an offer of judgment on Plaintiff, pursuant to Rule 68 of the Federal Rules of Civil Procedure.  Plaintiff did not accept the offer of judgment.  By operation of law, the offer is considered automatically rejected at the expiration of 14 days.  Fed. R. Civ. P. 68(a).

3

Defendant now moves the Court to dismiss this action for lack of subject matter jurisdiction. Defendant contends that its Rule 68 offer of judgment mooted any case or controversy because it included "the maximum damages recoverable if the [FDCPA] violation alleged in Plaintiff's Complaint is proven." (Doc. 28-1 at 3). Plaintiff opposes the motion on the grounds that the offer failed to include a sufficient amount to account for Plaintiff's actual damages, failed to identify or address Plaintiff's claims under Georgia law for invasion of privacy; and limited the recovery of costs and attorney's fees to only those costs and fees incurred through the 14th day following service of the offer; in other words, Defendant's offer of judgment barred Plaintiff from receiving the full relief that she contends she is entitled to recover under the FDCPA, the FBPA, and Georgia tort law.

## II.  ANALYSIS

### A.  FDCPA

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "[O]ne of the purposes of the FDCPA [is] 'that every individual, whether or not he

4

owes the debt, has a right to be treated in a reasonable or civil manner.'" Jeter v. Credit Bureau, 760 F.2d 1168, 1178 (11th Cir. 1985) (citing 123 Cong. Rec. 10241 (1977)).

To establish a claim under the FDCPA, a plaintiff must allege and prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008)(citation omitted).

The FDCPA provides that a debt collector who fails to comply with any provision of the statute is liable to such person in an amount equal to the sum of: (1) any actual damage sustained by such person as a result of such failure; (2) statutory damages up to $1,000; and (3) the costs of the action, together with a reasonable attorney's fee as determined by the court. 15 U.S.C. § 1692k(a). The FDCPA does not require proof of actual damages or an attorney's fee to state a claim. Id.

**B.     Subject Matter Jurisdiction**

A federal court lacks subject matter jurisdiction to entertain a moot lawsuit which no longer presents an Article III case or controversy. National Advertising Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005). Rule 68 of the Federal Rules

of Civil Procedure provides that a defendant "may serve on [a plaintiff] an offer to allow judgment on [the] specified terms, with costs then accrued." Fed. R. Civ. P. 68(a). If accepted, the judgment is entered against the defendant. If rejected, the offer is deemed withdrawn. Importantly, if the judgment the plaintiff ultimately obtains "is not more favorable" than the defendant's offer, the plaintiff "must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(b)-(d).

As a general rule, settlement of a plaintiff's claims moots the action because the plaintiff no longer has a legally cognizable interest in the outcome. See Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1244 (11th Cir. 2003); Mackenzie v. Kindred Hospitals East, LLC, 276 F. Supp. 2d 1211, 1218 (M.D. Fla. 2003). Accordingly, where a Rule 68 offer of judgment provides "all that [a plaintiff can] hope to recover" through the litigation, the plaintiff's claim is moot, and the complaint must be dismissed, even if the plaintiff declines the offer. See Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D.N.Y. 2000); see also Rand v. Monsanto Co., 926 F.2d 596 (7th Cir. 1991)("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."); Mackenzie, 276 F. Supp. 2d at 1219 ("The defendant's offer of full

6

relief therefore rendered this case moot, even though the plaintiff did not accept that offer."); Murphy v. Equifax Check Servs., Inc., 35 F. Supp. 2d 200, 203 (D. Conn. 1999)(holding that plaintiff no longer had personal stake in outcome of action as required to satisfy constitutional case-or-controversy requirement after plaintiff refused defendant's settlement offer of maximum amount of damages plaintiff was entitled to recover under FDCPA, plus reasonable attorney's fees).

On October 11, 2011, Defendant tendered a Rule 68 offer of judgment to Plaintiff in the amount of $1,001 in statutory damages, plus $1,000 in actual damages, pursuant to the FDCPA; plus $3,000 as treble actual damages, pursuant to the FBPA; plus the costs of the action and reasonable attorney's fees "through and including the 14th day following service of this offer, such fees and costs to be determined by the Court unless the parties otherwise agree on an amount and notify the Court of same." (See Doc. 28-2 at 4-5).

In Defendant's motion to dismiss, Defendant moves to dismiss Plaintiff's claims on the basis that its Rule 68 offer of judgment offering full relief rendered the case moot and divested this Court of subject matter jurisdiction, despite the fact that Plaintiff did not accept the offer. Defendant's theory is that Plaintiff was offered everything she seeks in her suit against Defendant. Therefore, Defendant argues, there

7

is no dispute over which to litigate, rendering Plaintiff's action subject to dismissal as moot.

However, Defendant's theory is flawed as applied to the instant case because Defendant's offer did not satisfy Plaintiff's entire demand or offer full relief. As Plaintiff points out, Defendant's offer failed to include or address Plaintiff's invasion of privacy claim and attendant damages, limited Plaintiff's FDCPA actual damages to $1,000 and also limited the time period for which Plaintiff may be entitled to recover costs and attorney's fees. As Defendant's offer did not extinguish Plaintiff's entire case, Defendant's motion to dismiss is due to be denied. See Capote v. United Collection Bureau, Inc., No. 09-61834-CIV, 2010 WL 966859, at *2 (S.D. Fla. Mar. 12, 2010)(denying motion to dismiss where offer did not include plaintiff's state law claims); Valencia v. Affiliated Group, Inc., No. 07-61381-CIV, 2008 WL 4372895, at *2 (S.D. Fla. Sept. 24, 2008)(same).

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** as follows:

(1)  Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 28) is **DENIED**;

8

(2) In light of that ruling, Defendant's Motion to Stay Discovery Pending this Court's Ruling on Defendant's Motion to Dismiss (Doc. 29) is **DENIED AS MOOT**.

Per this Court's order (by docket entry only) dated February 23, 2012, discovery is currently scheduled to end on **May 14, 2012**.

**IT IS SO ORDERED**, this 20th day of March, 2012.

_____
**GERRILYN G. BRILL**
**UNITED STATES MAGISTRATE JUDGE**

9